On appellants Ralph Wade's and Claudia Wade's petition for reconsideration filed November 29, 1974. Former opinion filed October 28, 1974, 19 Or App 314, 527 P2d 753 (1974), former opinion adhered to December 16, 1974, petition for review denied February 11, 1975

IN THE MATTER OF EZRA AND HADASSAH WADE, MINOR CHILDREN.

STATE EX REL JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, *Respondent, v.* WADE ET UX, *Appellants,* EZRA AND HADASSAH WADE (No. 38,197), *Appellants.*

528 P2d 1382

B. B. Bouneff and Bouneff, Muller & Marshall, Portland, for petition.

No appearance contra.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, P. J.

In a petition for review (reconsideration by this court) counsel for the parents argues:

> "Review is warranted in this case by virtue of the fact that the Court of Appeals found erroneously that the due process requirements of the Constitution of the United States had been fulfilled based upon a finding that appointed counsel participated in arranging the interview by the appellants with Dr. Morrison when no such evidence exists in the trial of this matter * * *."

Reference to the opinion discloses that there was more than one basis for the questioned ruling. However, with reference to the assertion that "no such evidence" of counsel's participation exists, we have referred again to the transcript. Dr. Morrison testified that he had discussed with Mr. Bouneff (the parents' counsel) and the deputy district attorney the need for further interviews by him with the parents. Mr. Bouneff did not question this in his cross-examination of·Dr. Morrison. In its brief the state, with reference to this testimony, said:

> "* * * Mr. Bouneff, Dr. Morrison and counsel for Respondent discussed the need for a second examination and arrangements were made through counsel * * *."

We find no denial of this by Mr. Bouneff anywhere in the records or briefs, and hence consider our challenged conclusion to be correct. We therefore adhere to our former opinion.