In the Matter of Jennifer Yvonne Dubell, a Child
STATE ex rel JUVENILE DEPARTMENT
OF CLACKAMAS COUNTY AND
DREW, MOTHER, *Respondents,*

*v.*

DUBELL, *Appellant.*
(No. 8479, CA 6454)

559 P2d 1302

Argued and submitted December 21, 1976.

Sid Brockley, Oregon City, argued the cause for appellant. With him on the brief was John Dobson, and Jack, Goodwin & Urbigkeit, Oregon City.

John Lowe, Deputy District Attorney, Oregon City, argued the cause for respondent Juvenile Department of Clackamas County. With him on the brief was Roger Rook, District Attorney, Oregon City.

Jana T. Gregory, Portland, argued the cause for respondent Beverly Drew, Mother. With her on the brief was Gregory, Clyman & Nichols, Portland.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The child appeals from an order of the juvenile court dismissing the petition to terminate her mother's parental rights. The petition sought termination as authorized under ORS 419.523(2).

This court interpreted that statute to require two conditions:

"* * * (1) that the parent is presently unable to supply physical and emotional care for the child (if necessary, with the aid of social agencies available), and (2) that this condition will probably continue for time enough to render improbable successful integration of the child into a family if the parent's rights are not terminated. * * *" *State v. Blum,* 1 Or App 409, 417, 463 P2d 367 (1970).

A major concern is the child's welfare. *State v. McMaster,* 259 Or 291, 296, 486 P2d 567 (1971); *State ex rel Juv. Dept. v. Zinzer,* 20 Or App 688, 694, 533 P2d 355 (1975). Our review is *de novo* upon the record. *Zinzer,* at 689; ORS 419.561(4). We agree with the trial court that the petition should be dismissed.

The Children's Services Division and the juvenile court became involved with this family in 1974, when the child was two and a half years old, following the mother's conviction for a crime. The mother was placed on probation and the child was made a ward of the court and placed in custody of Children's Services Division. The juvenile court and Children's Services Division set up certain objectives the mother was to achieve before regaining custody, and the next year was spent attempting to reach these goals.

In 1975, after an unsuccessful attempt to return the child to the mother because the mother had not accomplished the goals of obtaining a stable living arrangement, Children's Services Division filed this petition for termination of parental rights. At the hearing, the child, the mother and the state were all represented by separate counsel. The child sought, through counsel, termination of parental rights. The

court took considerable testimony at the hearing. It is unnecessary to recite the evidence or the contentions of the parties in detail.

The court made extensive findings and concluded the mother should be given one more chance to prepare for return of the child. The hearing was continued for approximately 90 days for final determination of the petition. The court set certain conditions the mother must meet in the interim and conditioned dismissal of the petition upon accomplishment of these goals. She was to obtain the recommended medical treatment for a serious thyroid condition, which contributed to her emotional instability, and she was to establish a stable living arrangement for herself and the child.

At the continuation of the hearing, in 90 days, the court found she had made improvement and had met the conditions previously imposed. The court dismissed the petition, retained the child as a ward of the court and under direct supervision of Children's Services Division. Additionally the court ordered the mother to attend parenting classes and obtain a permanent residence and steady employment.

■ The conduct of the mother in the abstract is not the issue; rather we are concerned with the effect the conduct has upon the child and whether the conduct indicates a sincere desire to regain custody of the child. *State ex rel Juv. Dept. v. Zinzer,* supra.

At the time of the hearing the mother had successfully undergone surgery for the thyroid condition, had found a job and had located a suitable apartment. We are aware of the contrary evidence that suggests she will be unable to follow through with her plans or provide adequate care for the child or the best environment for the child's development.

It is clear the mother will face some substantial challenges as a parent. But, it is equally clear that the love and caring which are the foundations of a strong family are present, and that the mother has the

motivation, with the help of public agencies, to improve her living situation and her parenting skills.

Although the mother may not be the ideal person to raise this particular child, and although she may not presently have the skills to help this child develop her full potential, the conduct of the mother and the relationship between mother and daughter do not deviate from the societal norm sufficient to justify termination.

The trial court suggested it may review the matter within six or seven months to monitor, with Children's Services Division, her progress as a parent. This, we feel, in this case is a better alternative to the finality of termination of parental rights.

Affirmed.