On motion to dismiss filed December 6, 1976, motion to dismiss denied
April 11, 1977

In the Matter of Shutts, Carol Ann,
Gary, Will, Stephanie, children.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent,*
*v.*
NAVARETTE, *Appellant.*
(No. 53 302, CA 7223)

563 P2d 1221

Harvey W. Keller and Ira L. Gottlieb, Portland, appeared for the motion.

Harl Haas, District Attorney, Multnomah County, and Lawrence D. Gorin, Deputy District Attorney, Multnomah County, respondent, joined in the motion.

Ronald P. Schiffman, Portland, appeared contra.

TANZER, J.

Johnson, J., specially concurring opinion.

## TANZER, J.

The mother filed a notice of appeal from an order of the circuit court terminating her parental rights to her four children, and certified that she had served it on the district attorney as "attorney for respondent." An attorney for the children, appointed on appeal by the circuit court pursuant to ORS 419.563, moved on their behalf to dismiss the mother's appeal because the notice had not been served on the children or their counsel. The theory of the motion is that the children are parties, service upon whom is a jurisdictional requisite under ORS 419.561(4) and 19.023(2).[1]

The designation of a child as a "party" to a proceeding to terminate the parent-child relationship has intellectual and emotional appeal. It seems to follow from the obvious interest of the child in the outcome and from a common solicitude for the child's welfare.

The statutes, ORS chapter 419 passim, do not speak in terms of parties and neither the child nor anyone else is so designated. The situational possibilities and the range of family members and agencies who may be interested in the outcome of juvenile matters are so unpredictably various, that dividing people and agencies into parties and nonparties is inappropriate and ORS chapter 419 does not do so. Instead, they are described by relationship or function. The words of the statutes do not compel the conclusion that a child is a party. Therefore, if the child is to be deemed a party within the meaning of ORS 19.023(2), it must be by constitutional mandate arising from function rather than statutory designation.

Nor do the statutory workings of a termination

---

[1] ORS 19.023(2) provides:

"A party to a judgment desiring to appeal therefrom, or some specified part thereof, shall cause a notice, signed by himself or his attorney, to be served on all parties as have appeared in the action, suit or proceeding and file the original, with proof of service indorsed thereon or affixed thereto, with the clerk."

proceeding necessarily imply that a child must be held to be a party under ORS 19.023(2). A termination proceeding is commenced by any person filing a petition and service of a summons upon the parent(s), ORS 419.525(1). Assuming arguendo its application to termination proceedings, ORS 419.486(5) requires service of a summons on the child if the child is 12 years old or over, but this procedural requisite cannot mean that a 12-year-old child is a party any more than it must mean that an 11-year-old child is not a party. Were age determinative, then one of the children in this case would be a party and the other three would not, in which case the appeal would be dismissed as to one child and not as to the others. Such a result would be absurd. That leaves the interest of the child as the factor of jurisdictional significance in this case.

The theory here advanced by counsel for the children is parallel to our syllogistic constitutional reasoning in *State ex rel Juv. Dept. v. Wade,* 19 Or App 314, 19 Or App 835, 528 P2d 1382 (1974), *rev den, appeal dismissed* 423 US 806 (1975): a child has interests affected by the outcome, a party is one whose interest is affected by the outcome, therefore a child is a party; a party is entitled to representation by counsel, the child is a party, therefore the child is entitled to counsel. While that logic is subject to some question,[2] the practical results of *Wade* were less impeccable than its reasoning.

Recognizing both intervening experience and the flexible nature of due process, we took a more functional and pragmatic approach in *F. v. C.,* 24 Or App 601, 547 P2d 175, *rev den, cert den* 429 US 907 (1976). Instead of requiring counsel for the child in every termination case as a constitutional necessity, we

---

[2]E.g., a minor party would be entitled to a guardian *ad litem,* not a lawyer. ORS 13.041. If to a lawyer, however, each child as a separate party would be entitled to separate representation to avoid conflict of interest. Also, such a logical conclusion would be inconsistent with our practice and expectations in custody cases and consensual adoptions, although the interest of the child is the same as here or similar.

treated the appointment of counsel as a forensic device, rather like an amicus curiae in the truest sense of that term, to assist the court in the performance of the court's primary responsibility to act in the best interest of the child where that interest would not otherwise be exposited or advocated.[3] Although we stated that we did not "retreat" from the view that children are parties to adoption and termination cases, 24 Or App at 610, that language must be taken in its figurative rather than its technical sense, and *F. v. C.* is not to be regarded as founded on due process grounds. Thus viewed, the appointment of counsel is an act of effectuation, not transfer, of the court's *parens patriae* responsibility, and does not itself convert the child from a ward to a formal party.

*Wade* was an extension of the philosophy born in *In re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967), which regards the interests of children as distinct from those of the court and requires independent procedural protection beyond that which is inherent in the court's parental responsibility. So far, *Wade* is the high-water mark of that philosophy. The lesson

---

[3] "* * * Two significant contributions a child's attorney might be expected to make in these proceedings are: (1) by serving as an advocate for a position taken by his 'client' relative to the issues involved, and (2) by ensuring that the record upon which the court must rely in exercising its discretion is as complete and accurate as possible. Where, however, the child involved is by reason of his immaturity incapable of having or communicating a view as to how his personal interests would be best served, counsel cannot possibly fulfill the first of his anticipated roles—that of an advocate. Whether, on the other hand, the presence of counsel at least theoretically responsible solely to the child is necessary to ensure the development of an adequately complete record focusing upon the child's 'best interests' would depend upon both the capabilities and diligence employed by those already present and the resources otherwise available to the court in each case. The trial court, directed by statute to exercise its authority for the benefit of the child, would appear to be peculiarly well suited to make the determination of whether independent counsel might produce relevant evidence additional to that introduced by those already participating in the proceeding, either through the production of additional witnesses or through the examination of those present."
*F. v. C.,* 24 Or App 601, 609, 547 P2d 175, *rev den, cert den* 429 US 907 (1976).

of *F. v. C.* is that each step in that new direction must be taken cautiously and with a sharp eye to the elusive practical consequences, particularly to other persons.

We must look to substance and function, not to terms of art such as "party." The effect of the proceeding upon the interests of the child is indisputably substantial. The due process issue, however, is not whether the interest of the child in the outcome makes the child a party, but rather whether any particular right, procedure or device is required in the general procedural context of juvenile court proceedings, for the protection of the child's interest. In this case, the specific issue is not when, if or why counsel may be required, but rather whether it is essential for the protection of the children's interests that timely service of a notice of appeal upon the children be made a jurisdictional requisite.

The mother, who also has a substantial interest in the outcome, has appealed pursuant to ORS 419.561(1) which allows an appeal by any "person whose right or duties are adversely affected by a final order of the juvenile court," as contrasted with ORS 19.020 which gives that right to any "party." The child may have the same statutory right to appeal under ORS 419.561(1) regardless of whether the child is denominated a party, *see State ex rel Juv. Dept. v. Dubell,* 28 Or App 449, 559 P2d 1302 (1977), although we have never so decided. The objective of the mother's appeal is to invalidate the order of termination. She served the notice of appeal upon counsel for the state whose interest is to defend the order. In addition, the trial court has appointed counsel on appeal for the children who may appear in support of one side or the other. We conclude that it is not necessary as a matter of due process for the protection of the interests of the children that the right of the mother to appeal be foreclosed for failure to have served the notice of appeal on the children.

Motion to dismiss denied.

[ 126 ]

**JOHNSON, J.,** specially concurring.

I concur that in a termination proceeding, the child is not a party required by statute or constitution to be served with notice of appeal. My concern with the majority opinion is that its general discussion of the juvenile code, ORS ch 419, and in particular ORS 419.486 relating to service of summons, may be misinterpreted as implying principles of law which we do not need to decide here.

Termination of parental rights is an ancillary proceeding under the jurisdiction of the juvenile court separate from the ordinary juvenile proceeding where the court is exercising jurisdiction over the child under ORS 419.476.[1] Most of the procedural and substantive portions of ORS ch 419 relate to the latter. There are separate and distinct procedural requirements for termination which are set forth in some detail in ORS

---

[1] ORS 419.476 provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; or

"(b) Who is beyond the control of his parents, guardian or other person having his custody; or

"(c) Whose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others; or

"(d) Who is dependent for care and support on a public or private child-caring agency that needs the services of the court in planning for his best interests; or

"(e) Either his parents or any other person having his custody have abandoned him, failed to provide him with the support or education required by law, subjected him to cruelty or depravity or to unexplained physical injury or failed to provide him with the care, guidance and protection necessary for his physical, mental or emotional well-being; or

"(f) Who has run away from his home.

"(2) The court shall have jurisdiction under subsection (1) of this section even though the child is receiving adequate care from the person having his physical custody.

"(3) The provisions of subsection (1) of this section do not prevent a court of competent jurisdiction from entertaining a civil action or suit involving a child."

419.523 and 419.525. In those instances where ORS 419.523 and 419.525 are silent, then the general provisions of ORS ch 419 may apply. However where ORS 419.523 and 419.525 are specific, then those procedures govern and the other provisions of ORS ch 419 are inapplicable.

A termination proceeding may be commenced by any person filing a petition and service of summons. ORS 419.523. Under ORS 419.525(1) summons is required to be served only on the parent or parents against whom the petitioner is seeking termination. In view of this specific provision for service in a termination proceeding, it is clear that ORS 419.486 discussed in the majority opinion has no application to a termination proceeding. Since service of summons is not required to be served on the child, it also seems reasonable to conclude that the legislature did not intend the child be served with a notice of appeal. The interest of the child in a termination proceeding is substantially similar to the interest that a child would have in a dissolution of marriage proceeding particularly as it relates to custody and support. In spite of this interest, the legislature has not made the child a party in either proceeding.