Argued and submitted February 23, affirmed September 12, 1990

In the Matter of
Cody Trout, A Child.

STATE ex rel JUVENILE DEPARTMENT
OF JACKSON COUNTY,
Cody Trout, Ron and Linda Bender,
and Children's Services Division,
*Respondents,*

*v.*

Sandra CRENSHAW,
*Appellant.*

(89K0162; CA A61000)

797 P2d 397

Ronald K. Cue, Ashland, argued the cause and filed the brief for appellant.

Dave Frohnmayer, Attorney General, and Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondents State of Oregon ex rel Juvenile Department of Jackson County and Children's Services Division.

No appearance for respondent Cody Trout.

Richard D. Cohen, Portland, argued the cause and filed the brief for respondents Ron and Linda Bender.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Appellant, who had physical custody of child by a temporary agreement with child's mother, appeals an order making child a ward of the court and placing him with his maternal aunt and uncle. ORS 419.507(1)(a).

At the dispositional hearing, child's attorney questioned appellant's standing to participate in the proceeding. On appeal, aunt and uncle (respondents) challenge her standing to appeal the trial court's ruling. We address that issue first. *Eckles v. State of Oregon,* 306 Or 380, 383, 760 P2d 846 (1988). ORS 419.561(1) provides:

> "Except as provided in ORS 419.578, any person whose rights or duties are adversely affected by a final order of the juvenile court may appeal therefrom."

Appellant is a person, and there was, eventually, a final order. The question is whether appellant has a legally cognizable right with respect to placement of child that was adversely affected by that order.

Respondents assert that, to become a party, appellant had to petition the court for legal custody under ORS 419.507(1)(a) or guardianship under ORS 419.511(4) or seek to intervene. Respondents argue that the only appropriate parties to the appeal are child, CSD, child's parents and themselves, who were made child's legal custodians by the trial court's order. Respondents do not argue that they are parties on any other basis, and the record does not indicate that they petitioned the court for custody or guardianship or otherwise sought to intervene below. At the dispositional hearing, appellant argued that, because child had been in her physical custody, the court should permanently place child with her.

"To say that a plaintiff has 'no standing' is to say that the plaintiff has no right to have a tribunal decide a claim under the law defining the requested relief, regardless whether another plaintiff has any such right." *Eckles v. State of Oregon, supra,* 306 Or at 383. No provision in ORS chapter 419 expressly gives a person with mere physical custody of a child standing to request that she be given legal custody or guardianship or that the child be placed with her as a final court disposition. Respondents contend that the only way to obtain

standing under ORS chapter 419 is to petition for legal custody or guardianship. They argue that physical custody alone cannot give a person standing to appeal an order giving legal custody to someone else.

Nevertheless, ORS chapter 419 allows the relief that appellant seeks. ORS 419.507(1)(a) provides that, if the court finds a child to be within its jurisdiction, it may make that child a ward of the court and direct that the child be placed in the legal custody of a person then having physical custody of the child. Moreover, the statute does not limit the court's authority to place the child only with a person who has filed a petition. Because the court may, on its own volition, give them custody, caretakers have the right to participate in the juvenile custody proceeding. However, even though the caretaker is entitled to participate in the dispositional proceeding, the person must participate in the hearing to have the right to appeal the trial court order. Appellant appeared at the dispositional hearing and was represented by counsel, who obtained permission to put on evidence about the child's best interest. She thereby effected her right to be heard and earned the right to appeal the final order, which affected her "right" to exercise the physical custody of child given her by child's mother.[1]

On the merits, we affirm.

Affirmed.

---

[1] We have recognized the peculiar nature of juvenile proceedings and explained why the statute is framed in terms of "persons" rather than "parties." In *State ex rel Juv. Dept. v. Navarette,* 29 Or App 121, 563 P2d 1221 (1977), we stated that "[t]he situational possibilities and the range of family members and agencies who may be interested in the outcome of juvenile matters are so unpredictably various, that dividing people and agencies into parties and nonparties is inappropriate and ORS Chapter 419 does not do so. Instead, they are described by relationship or function." 29 Or App at 123. If a relationship/functional approach is applied here, a person with physical, but not legal, custody of a child who may be taken out of the custody of that person and placed with another person or agency has a sufficient relationship to the child and to the matter being decided to be a party to the dispositional hearing.