No. 49          January 31, 2024          397

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JALEN BAJAJUAN NAZEDEKY SMITH,
aka Jalen Bajajuan Nazede Smith,
*Defendant-Appellant.*

Washington County Circuit Court
22CR2773; A180649

Erik M. Bucher, Judge.

On appellant's petition for reconsideration filed June 6, 2023, respondent's response to petition for reconsideration filed October 16, 2023. Order of dismissal filed May 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, for response.

Before Egan, Presiding Judge, and Lagesen, Chief Judge, and Pagán, Judge.

LAGESEN, C. J.

Reconsideration allowed; order of dismissal vacated; appellant's opening brief due on or before 49 days from the date of this decision.

**LAGESEN, C. J.**

ORS 19.270 generally makes the timely filing of a notice of appeal a prerequisite to our jurisdiction over appeal. ORS 138.071(5) creates an exception to that rule, allowing a defendant in a criminal case to file a motion for leave to file a late notice of appeal. The question before us is whether we have jurisdiction to review and allow a timely-filed motion under ORS 138.071(5) if the defendant fails to submit the proposed notice of appeal along with the motion. We conclude that we do.

In this case, as allowed by ORS 138.071(5), defendant timely filed a motion for leave to file a late notice of appeal within the 90-day period provided by that statute. In accordance with the statute, the motion explained why the delay in filing should not be attributed to defendant and, further, identified the claim of error that defendant sought to pursue on appeal. Due to an efiling upload error by defendant's lawyer, defendant's motion was not, however, "accompanied by the notice of appeal" that defendant sought to file, as required by ORS 138.071(5)(c). The court alerted defendant's lawyer to the error, and defendant's lawyer promptly corrected it by submitting the omitted notice of appeal, but, by that time, it was a few days past the end of the 90-day period for submitting a motion for leave to file a late notice of appeal. The Appellate Commissioner denied the motion for that reason, concluding that defendant's failure to submit the proposed notice of appeal within the 90-day window deprived the court of jurisdiction to grant defendant's motion.

Defendant petitioned for reconsideration; the petition was referred to the Motions Department for the purpose of resolving the jurisdictional question in a precedential opinion. On reconsideration, we conclude that the requirement in ORS 138.071(5)(c) that a motion for leave to file a late appeal be "accompanied by the notice of appeal" is not a jurisdictional prerequisite to our consideration of a timely-filed motion for leave to file a notice of appeal. We conclude, additionally, that defendant's motion demonstrates that the motion for leave to file a delayed appeal should be allowed

and, accordingly, direct that the notice of appeal lodged with the court on February 15, 2023, be accepted for filing.

Whether the ORS 138.071(5)(c) requirement that a motion to file a late appeal be "accompanied by the notice of appeal" is a jurisdictional requirement is a question of legislative intent. We answer that question by examining the "statutory text, in context, and, where appropriate, legislative history and relevant canons of construction." *Tarr v. Multnomah County*, 306 Or App 26, 33, 473 P3d 603 (2020), *rev den*, 367 Or 496 (2021) (internal citation and quotation marks omitted). Our objective is to determine what "the enacting legislature most likely intended." *Id*.

We start with the text. The text of ORS 138.071(5) provides, in full:

"(5)(a)   Upon motion of a defendant, the Court of Appeals shall grant the defendant leave to file a notice of appeal after the time limits described in subsections (1) to (4) of this section if:

"(A)   The defendant, by clear and convincing evidence, shows that the failure to file a timely notice of appeal is not attributable to the defendant personally; and

"(B)   The defendant shows a colorable claim of error in the proceeding from which the appeal is taken.

"(b)   A defendant is not entitled to relief under this subsection for failure to file timely notice of cross-appeal when the state appeals pursuant to ORS 138.045(1)(d).

"(c)   The request for leave to file a notice of appeal after the time limits prescribed in subsections (1) to (3) of this section must be filed no later than 90 days after entry of the order or judgment being appealed. The request for leave to file a notice of appeal after the time limit prescribed in subsection (4) of this section must be filed no later than 90 days after the party receives notice that the order or judgment has been entered. A request for leave under this subsection must be accompanied by the notice of appeal, may be filed by mail and is deemed filed on the date of mailing if the request is mailed as provided in ORS 19.260.

"(d)   The court may not grant relief under this subsection unless the state has notice and opportunity to respond to the defendant's request for relief.

"(e)   The denial of a motion under paragraph (a) of this subsection is a bar to post-conviction relief under ORS 138.510 to 138.680 on the same ground, unless the court provides otherwise."

Pertinent to the question before us, subsection (c) of that provision requires that a motion for leave to file a delayed appeal "must be filed no later than 90 days after the party received notice that the order or judgment [being appealed] has been entered." ORS 138.071(5)(c). Subsection (c) further provides that a motion requesting leave to file a late appeal "must be accompanied by the notice of appeal" that the defendant seeks to file. *Id.*

That text tells us very little about whether that accompaniment requirement is jurisdictional. The legislature did not speak directly to the point of whether a defendant's failure to accompany an ORS 138.071(5) motion with the proposed notice of appeal would deprive the court of jurisdiction to consider the motion.

Context offers few additional clues but tends to suggest that the accompaniment requirement is not jurisdictional. Although the statute imposes a 90-day timeline for filing the motion, it does not impose a timeline for ruling on the motion. That hints, albeit faintly, in the direction of the conclusion that the legislature may have intended that the court would have authority to permit a defendant to correct technical defects with a timely-filed motion, such as the failure to accompany the motion with the proposed notice of appeal. Given the legislature's omission of a timeline for resolving a motion under ORS 138.071, it is not implausible to think that the legislature intended for the court to have jurisdiction to grant a timely-filed motion that makes the showing required under ORS 138.071(5)(a), even where that motion was not accompanied by the notice of appeal that the defendant seeks to file, and then to have jurisdiction over the authorized late-filed appeal. Upon granting the motion, it would be neither difficult nor impractical for the court to order the defendant to promptly file the notice of appeal (if the defendant had not promptly corrected the defect already, as defendant did here).

In contrast with the text and context of the statute, legislative history points more forcefully toward the

conclusion that the legislature likely did not intend the "accompaniment" requirement to be jurisdictional. The legislative history of ORS 138.071(5) demonstrates that the primary purpose of the provision was to provide an expeditious remedy for criminal defendants who were deprived of their appeal rights through no fault of their own. Absent such a provision, such defendants would have to go through the time and expense of post-conviction proceedings to obtain the remedy to which they ordinarily would be entitled: a delayed appeal. James Nass, then-counsel to the Supreme Court and the Court of Appeals, testified in support of the measure on behalf of the courts and explained that, in such circumstances, it would be more expedient and economical simply to allow the Court of Appeals to permit a delayed appeal:

> "The rationale for this proposal is that a defendant in that situation may file a post-conviction relief action and will almost invariably be afforded a delayed appeal. In the meantime, the state will have paid appointed counsel's fee to prosecute the post-conviction action on behalf of the defendant, and will have paid for the time of the deputy district attorney *** to defend the action as well as expenses attendant to the court's adjudication of yet one more case in which the outcome is virtually predetermined."

Testimony, House Committee on the Judiciary, Subcommittee 1, HB 3348, Apr 23, 1987, Ex C (statement of James Nass).

As originally proposed, HB 3348 did not contain a time limit on which a motion for late appeal could be filed and did not require a criminal defendant to demonstrate a colorable claim of error in the proceedings, and the Oregon Department of Justice opposed the proposal because of those omissions. *Proposed* HB 3348 (Mar 5, 1987); Testimony, House Committee on the Judiciary, Subcommittee 1, HB 3348, Apr 23, 1987, Tape 432 (statement of Stephen Peifer). In response to the concerns articulated by the Department of Justice, the legislature amended the bill to include (1) the 90-day timeline for filing a motion; and (2) a requirement that the movant demonstrate a colorable claim of error in their criminal proceedings. *See* Or Laws 1987, ch 852, § 1; *see also* Tape Recording, House Committee on the Judiciary, HB 3348, June 10, 1987, Tape 755 (statement of Representative

Springer). But nothing in the legislative history suggests that the legislature intended those revisions to undercut the underlying purpose of the measure—avoiding unnecessary post-conviction proceedings—by precluding the correction of defects like the one at issue here.

In other words, nothing in the legislative history suggests that the legislature intended a criminal defendant who timely files a motion for leave to file a late appeal, but whose motion is defective because of failure to attach the proposed notice of appeal or otherwise, would have to go through the time and expense of post-conviction proceedings to obtain an appeal. On the contrary, the legislative history indicates to us that the legislature likely intended that our court would have jurisdiction to resolve and allow timely-filed motions for leave to file late appeals where, as here, any defect can be corrected easily, promptly and without prejudice to the interests of the state.[1]

In sum, although the text and context of ORS 138.071 is inconclusive as to whether the accompaniment requirement is jurisdictional, the legislative history tends to demonstrate that it is not. To the extent the issue remains in doubt, one final consideration points to the conclusion that the requirement is not jurisdictional. As the Supreme Court has recognized, "[s]ubsequent to 1959 the general trend of our decisions passing on the effects of defects in appellate procedure has been to regard the defects as not being jurisdictional." *Pohrman v. Klamath Co. Comm.*, 272 Or 390, 394, 538 P2d 70 (1975). Applying that principle, the Supreme Court has held "that when a notice of appeal is timely served and filed[,] the court has jurisdiction." *Id*. at

---

[1] On that point, in its response to defendant's petition for reconsideration, the state "acknowledges that under these circumstances, defendant is likely to prevail on a petition for post-conviction relief, and further, will likely be afforded a delayed appeal." The state does not identity any interest in having defendant's appeal delayed further. Rather, the state simply asserts that the court must adhere to jurisdictional limitations, regardless of concerns of expediency. Although we agree with the point that we must enforce jurisdictional limits (where those limits exist), the fact that the purpose of ORS 138.071(5) was to ensure expeditious appeals in situations like this one, counsels in favor of the conclusion that the legislature intended the court to have jurisdiction over timely-filed motions for leave to file a late notice of appeal, notwithstanding a defendant's initial failure to attach the notice of appeal that the defendant proposes to file if granted leave to do so.

397. An appellate court can then assess "whether the failure to comply with the statutory form for the notice of appeal is sufficiently serious and prejudicial so as to grant a motion to dismiss." *Id*.

Although this situation is different—at issue is this court's jurisdiction over a timely, but procedurally defective, motion for leave to file a late appeal—given the analysis above, we think the legislature likely intended the principle articulated in *Pohrman* to apply with equal force to the circumstances present here. Because defendant timely filed and served the motion for leave to file a late notice of appeal, we have jurisdiction to review the motion and to allow it, if appropriate. Defendant's failure to accompany the motion with the notice of appeal he sought to file does not deprive us of jurisdiction over the motion.

Having concluded that we have jurisdiction over the motion, we now must decide whether to allow it. We conclude that defendant has demonstrated a colorable claim of error in the proceedings below, and that the failure to timely file the notice of appeal is not attributable to defendant. *See* ORS 138.071(5)(a). We therefore grant defendant's motion for leave to file a late notice of appeal. The notice of appeal submitted to the court for filing on February 15, 2023, is deemed timely filed, and the appeal shall proceed. Defendant's opening brief is due 49 days from the date of this decision.

Reconsideration allowed; order of dismissal vacated; appellant's opening brief due on or before 49 days from the date of this decision.