No. 558 June 25, 2025 403

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN CORY ANDREWS,
*Defendant-Appellant.*

Yamhill County Circuit Court
22CR50352; A185366

Cynthia L. Easterday, Judge.

On appellant's petition for reconsideration of Appellate Commissioner's order of dismissal filed October 22, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, for petition.

Before Egan, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Reconsideration allowed; order of dismissal adhered to.

**LAGESEN, C. J.**

This is a criminal case in which defendant filed an untimely notice of appeal. When alerted to that fact by a show cause order, defendant filed an untimely motion for late appeal under ORS 138.071(5). The court, by order of the Appellate Commissioner, dismissed the appeal as untimely. Defendant has petitioned for reconsideration, arguing that this appeal should proceed, notwithstanding its double untimeliness problem. The Appellate Commissioner referred the petition for reconsideration to the Motions Department for the purpose of resolving the matter by way of precedential opinion. We allow reconsideration for that purpose. On reconsideration, we conclude, as did the Appellate Commissioner, that defendant's failure to file a timely notice of appeal or a timely motion for late appeal means that this appeal must be dismissed for lack of jurisdiction.

Both ORS 19.270, made applicable to criminal proceedings by ORS 138.015, and ORS 138.071 generally require, among other things, that a notice of appeal be timely filed for the Court of Appeals to have jurisdiction over an appeal. ORS 19.270 (1), (2)(b). The legislature has, however, carved out an exception to that requirement in ORS 138.071(5). That statute directs that "the Court of Appeals shall grant the defendant leave to file a notice of appeal after the time limits" set forth in those statutes provided the defendant (1) files a motion that makes the showing described in ORS 138.071(5)(a) and (2) files the motion "no later than 90 days after the party receives notice that the order or judgment has been entered." ORS 138.071(5)(c); *State v. Smith*, 330 Or App 397, 399, 543 P3d 1258 (2024) (describing process for filing motion for late appeal).

In this case, it is undisputed that defendant neither filed a timely notice of appeal, nor filed a timely motion for late appeal. Defendant nevertheless argues that his untimely-filed notice of appeal is sufficient to confer jurisdiction on this court because it was filed within the time for filing a motion for late appeal, albeit without the motion required by ORS 138.071(5). In support of that argument, he points to our decision in *Smith*. There, we concluded that the defendant's failure to include a proposed notice of appeal, as required by ORS

138.071(5)(c), with the defendant's timely-filed motion for late appeal did not deprive the court of jurisdiction to grant the timely-filed motion for late appeal. *Smith*, 330 Or App at 399. Defendant invites us to read *Smith* to stand for the following:

> "In short, so long as the defendant files something notifying the court and the state of the defendant's intent to appeal within 90-days, the failure to comply with the many requirements for notices of appeal, including the failure to file an accompanying motion for leave to file a late notice of appeal, can be cured by timelines set by the court."

We reject that invitation for two reasons.

First, it is detached from the procedure set forth by the plain terms of ORS 138.071(5). Were we to adopt defendant's proposed approach, we would effectively be rewriting ORS 138.071(5) to craft a process entirely different from the one enacted by the legislature. Rewriting statutes is not part of the judicial function. *Bellshaw v. Farmers Ins. Co.*, 373 Or 307, 326-27, 567 P3d 434 (2025).

Second, defendant's proposed approach is at odds with longstanding Oregon law treating the timelines for filing appeals as jurisdictional. In addressing whether the defect in *Smith* was a jurisdictional one, we looked, in part, to case law addressing what appeal-filing defects were jurisdictional and what defects were merely technical. *Smith*, 330 Or App at 403-04 (discussing *Pohrman v. Klamath Co. Comm.*, 272 Or 390, 538 P2d 70 (1975)). That case law indicated that the key jurisdictional requirements were the timely filing and service of the notice of appeal, something that, in *Smith*, supported the conclusion that the legislature likely intended our court to have jurisdiction over a motion for late appeal, provided that the motion was timely filed and served, even if defective in other ways. *Id.* at 404. On these facts, where the defect at issue is the failure to timely file either a notice of appeal or a motion for late appeal, that case law points the other direction.[1]

---

[1] Defendant also points to the fact that the court issued a show cause order directing defendant to show cause why the appeal should not be dismissed as untimely or to file a motion for late appeal within 14 days of the order. Defendant argues that we should conclude that the order extended the filing deadline for his motion for late appeal, which he filed during the 14 days, albeit outside of the 90 days allowed by ORS 138.071(5). Because, as we have concluded, the timeline for filing a motion for late appeal is jurisdictional, it cannot be extended by court order.

In sum, because defendant's notice of appeal and motion for late appeal both were filed outside of statutory time limits, we lack jurisdiction over this appeal. We therefore adhere to our prior order of dismissal.

Reconsideration allowed; order of dismissal adhered to.