No. 848    October 1, 2025    657

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. G. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. C.,
*Appellant.*

Jackson County Circuit Court
23JU05151; A185737 (Control)

In the Matter of I. A. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. C.,
*Appellant.*

Jackson County Circuit Court
23JU05152; A185738

In the Matter of I. J. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. C.,
*Appellant.*

Jackson County Circuit Court
23JU05153; A185739

In the Matter of B. B. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. C.,
*Appellant.*

Jackson County Circuit Court
24JU04428; A185740

David G. Hoppe, Judge.

Argued and submitted June 18, 2025.

C. C argued the cause and filed the brief *pro se.*

Emily N. Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Appeals dismissed.

**LAGESEN, C. J.**

In this consolidated juvenile dependency case, father, who is representing himself, filed notices of appeal from jurisdiction and disposition judgments concerning his four children, AG, IA, IJ, and BB. He also filed notices of appeal from permanency judgments concerning AG, IA, and IJ. Additionally, he has filed documents that he has titled "petitions for judicial review" from juvenile court orders denying numerous motions that he had filed in the dependency cases. We conclude that we lack jurisdiction to hear father's appeals because father did not timely serve his notices of appeal on all of the parties who had appeared in the proceedings before the juvenile court, as required by ORS 419A.200. As to the "petitions for judicial review," we conclude that we lack jurisdiction because the underlying orders are not appealable and because, as with his notices of appeal, he did not timely serve them on all parties who had appeared in the proceedings. We therefore dismiss father's appeals.

In October 2023, the Oregon Department of Human Services (ODHS) filed dependency petitions concerning AG, IA, and IJ, and, within several months, the juvenile court appointed a court appointed special advocate[1] (CASA) for AG and a different CASA for IA and IJ. In late August 2024, the youngest child, BB, was born, and, on September 6, 2024, ODHS filed a petition concerning BB. After a trial and a disposition hearing, the juvenile court entered jurisdiction

---

[1] A "[c]ourt appointed special advocate" is "a person in a CASA Volunteer Program who is appointed by the court to act as a court appointed special advocate under ORS 419B.112." ORS 419A.004(10). Under ORS 419B.112(1), the juvenile court "shall appoint a court appointed special advocate" in every juvenile dependency case. ORS 419B.112(2) sets out the duties of a court appointed advocate, which are to

"(a) Investigate all relevant information about the case;

"(b) Advocate for the child or ward, ensuring that all relevant facts are brought before the court;

"(c) Facilitate and negotiate to ensure that the court, the Department of Human Services, if applicable, and the child or ward's attorney, if any, fulfill their obligations to the child or ward in a timely fashion; and

"(d) Monitor all court orders to ensure compliance and to bring to the court's attention any change in circumstances that may require a modification of an order of the court."

and disposition judgments concerning all four children on September 18, 2024.

Thereafter, on October 10, 2024, father filed notices of appeal from the judgments, identifying himself and mother of IA, IJ, and BB as appellants and ODHS as respondent on appeal.[2] Father certified that, on October 9, 2024, he served his notices of appeal on ODHS. Father did not certify that he had served the notices on either of the children's mothers, on any of the children, or on the CASAs appointed for the children.

Following issuance of deficiency notices in each of the four cases, on November 1, 2024, father filed amended notices of appeal from the jurisdiction and disposition judgments "to correct an initial oversight in serving certain attorneys associated with the case." Father certified that he served his amended notices of appeal on the children's attorney on October 30, 2024—the 42nd day following entry of the jurisdiction and disposition judgments. Later, father filed an additional document certifying that he served his amended notice of appeal on the attorney representing AG's mother on November 21, 2024—the 64th day after entry of the judgments.

In the meantime, the juvenile court held a permanency hearing concerning AG, IA, and IJ and, on October 22, 2024, entered judgments continuing the plans of reunification for all three children. On November 13, 2024, father filed notices of appeal from those judgments, identifying himself and mother of IA and IJ as appellants and ODHS as respondent.[3] Father certified that he had also, on November 13, 2024, served his notices of appeal on the Attorney General, Office of the Solicitor General; attorneys for both mothers; the children's attorney; and the assistant attorney general who represented ODHS before the juvenile court. Father did not certify service on either CASA appointed for the children. Those notices of appeal were filed into the existing

---

[2] On April 10, 2025, the Appellate Commissioner issued an order dismissing mother's appeals, on mother's motion.

[3] The Appellate Commissioner's April 10, 2025, order dismissed mother's appeals from the permanency judgments as well.

appeals from the jurisdiction and disposition judgments concerning AG, IA, and IJ.

Two weeks after the October 2024 permanency hearing, the juvenile court held a hearing on nine motions that father had filed in the dependency cases and, on November 20, 2024, entered orders denying father's motions.[4] Father filed "petitions for judicial review" from those orders on December 12, 2024, and certified that, on December 10, 2024, he served the petitions on the Attorney General, Office of the Solicitor General; attorneys for both mothers; the children's attorney; and the assistant attorney general who represented ODHS before the juvenile court. Father did not certify service on either CASA appointed for the children. Father's petitions were filed into the existing appeals from the jurisdiction, disposition, and permanency judgments.

Thereafter, ODHS moved to dismiss father's appeals from the jurisdiction and disposition judgments, arguing that father's failure to serve his notices of appeal on the children and mothers within 30 days of the entry of those judgments deprived us of appellate jurisdiction. The Appellate Commissioner denied ODHS's motion, concluding that, under ORS 19.270(2)(a), father was only required to timely serve his notices of appeal on ODHS, which he had identified as the respondent in his appeals.

ODHS then moved for reconsideration of the order denying its motion to dismiss father's appeals from the jurisdiction and disposition judgments. The motion for reconsideration was referred to the merits panel for resolution of the question whether father's failure to comply with the service requirements in ORS 419A.200 deprived this court of jurisdiction over the appeal.

In analyzing whether we have jurisdiction over an appeal in a juvenile dependency case, we begin with ORS

_____

[4] Father's motions included a "Motion to Withdraw Plea/Motion to Vacate," "Motion to Reinstate Dismissal Order," "Motion to Exclude Judge Bloom," "Motion to Exclude Judge Hoppe," "Motion to Replace Caseworker and Supervisor," "Motion to Compel Discovery," "Motion for Emergency Reunification," "Motion to Correct Court Record," and "Motion for Judicial Continuity and to Preserve Parental Rights."

419A.200, as that is the statute that "governs appeals from juvenile court orders and judgments, defining the scope of our appellate jurisdiction." *Dept. of Human Services v. J. C. L.*, 329 Or App 246, 247, 540 P3d 1145 (2023). ORS 419A.200(1) provides that "any person or entity, including but not limited to, a party to a juvenile court proceeding under ORS 419B.875(1) or 419C.285(1), whose rights or duties are adversely affected by a judgment of the juvenile court [to] appeal therefrom." ORS 419A.200(1). Subsection (3) directs how such an appeal must be initiated, providing:

> "(a)   The appeal may be taken by causing a notice of appeal, in the form prescribed by ORS 19.250, to be served:
>
> "(A)   On all parties who have appeared in the proceeding;
>
> "(B)   On the trial court administrator or other person serving as clerk of the juvenile court; and
>
> "(C)   On the juvenile court transcript coordinator, if a transcript is designated in connection with the appeal.
>
> "(b)   The original of the notice with proof of service must be filed with:
>
> "(A)   The Court of Appeals if the appeal is from a circuit court; or
>
> "(B)   The circuit court if the appeal is from a county court.
>
> "(c)   The notice must be filed not later than 30 days after the entry of the court's judgment. ***."

ORS 419A.200(3) (emphasis added). The statute further directs that "[a]n appeal to the Court of Appeals must be conducted in the same manner as an appeal under ORS chapter 19 except that the court shall advance the appeal on the court's docket in the same manner as appeals in criminal cases." ORS 419A.200(6).

The question for us is whether the specification in ORS 419A.200(3) that all parties to the proceeding be served with the notice of appeal is a jurisdictional requirement. As a general rule, appellate jurisdiction has long been conditioned on timely filing of a notice of appeal and service of the notice of appeal on all necessary parties to the appeal,

that is, all parties whose interest could be affected by the modification of the judgment on appeal. *State v. Andrews*, 341 Or App 403, 405, 574 P3d 477 (2025) (case law regarding appeal-filing "indicate[s] that the key jurisdictional requirements [are] the timely filing and service of the notice of appeal"); *McQuary v. Bel Air Convalescent Home, Inc.*, 296 Or 653, 656-57, 678 P2d 1222 (1984) (concluding that the legislature intended to make only timely filing of a notice of appeal and service on other parties jurisdictional); *Hamilton v. Blair*, 23 Or 64, 67, 31 P 197 (1892) (holding that an appellate court lacks jurisdiction over an appeal where all parties who may be affected by the modification of a judgment have not been provided notice of the appeal and made a party to it).

That general rule would appear to apply to appeals in juvenile dependency cases, given their nature and the interests at stake. ORS 419B.875, which sets out the statutory party scheme for juvenile dependency cases, indicates that the legislature viewed all persons entitled to participate in dependency cases as necessary parties. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (setting out modified statutory construction methodology in which we consider the statutory text and context, as well as any available legislative history and, only if ambiguity remains, general maxims of statutory construction). Subsection (1) of that statute lists the people and entities who are parties to a juvenile dependency case, providing:

"(a)   Parties to proceedings in the juvenile court under ORS 419B.100 and 419B.500 are:

"(A)   The child or ward;

"(B)   The parents or guardian of the child or ward;

"(C)   A putative father of the child or ward who has demonstrated a direct and significant commitment to the child or ward by assuming, or attempting to assume, responsibilities normally associated with parenthood, including but not limited to:

"(i)   Residing with the child or ward;

"(ii)   Contributing to the financial support of the child or ward; or

"(iii)   Establishing psychological ties with the child or ward;

"(D)   The state;

"(E)   The juvenile department;

"(F)   A court appointed special advocate, if appointed;

"(G)   The Department of Human Services or other child-caring agency if the department has taken the child or ward into protective custody or if the department or agency has temporary custody of the child or ward; and

"(H)   If the child or ward is an Indian child:

"(i)   The Indian child's tribe; and

"(ii)   The Indian child's Indian custodian.

"(b)   An intervenor who is granted intervention under ORS 419B.116 is a party to a proceeding under ORS 419B.100. An intervenor under this paragraph is not a party to a proceeding under ORS 419B.500."

ORS 419B.875(1).

ORS 419B.875(2) then provides a nonexclusive list of the parties' rights:

"The rights of the parties include, but are not limited to:

"(a)   The right to notice of the proceeding and copies of the petitions, answers, motions and other papers;

"(b)   The right to appear with counsel and, except for intervenors under subsection (1)(b) of this section, to have counsel appointed as otherwise provided by law;

"(c)   The right to call witnesses, cross-examine witnesses and participate in hearings;

"(d)   The right of appeal; and

"(e)   The right to request a hearing."

ORS 419B.875, thus, sets up a statutory scheme in which many different people and entities with an interest in the child and judicial decisions regarding their dependency, custody, and care are made parties to the juvenile court proceeding concerning the child and have essentially equivalent

procedural rights.[5] Significant to the issue before us, ORS 419B.875(2)(a) specifically provides that all parties have a "right" to "papers" filed in the proceeding, something that would necessarily include the right to notice of an appeal initiated by another party. Moreover, the party scheme set out in ORS 419B.875 differs greatly from that in most civil matters, because, rather than involving litigation of competing claims to property or money or regarding liability for a harm, in a dependency case the parties all ultimately share a common interest in planning for the child and their future. *See, e.g.*, *Dept. of Human Services v. M. H.*, 266 Or App 361, 367-68, 337 P3d 976 (2014) (discussing the importance of the findings required at a permanency hearing in developing a permanency plan that is "most likely to lead to a positive outcome for the child"). Conditioning appellate jurisdiction on service of the notice of appeal on all parties under ORS 419B.875(1) who have appeared in the proceeding is consistent with protecting the parties' rights under ORS 419B.875(2), ensuring they that have timely notice of any appeal and a meaningful opportunity to participate in that appeal. *See* ORAP 2.25(3)(a) ("A person who was a party

_____

[5] ORS 419C.285 similarly sets out a statutory party scheme for juvenile delinquency cases, providing:

"(1) At the adjudication stage of a delinquency proceeding, the parties to the proceeding are the youth and the state, represented by the district attorney or the juvenile department. At the dispositional stage of a delinquency proceeding, the following are also parties:

"(a) The parents or guardian of the youth;

"(b) A court appointed special advocate, if appointed;

"(c) The Oregon Youth Authority or other child care agency, if the youth is temporarily committed to the agency; and

"(d) An intervenor who petitions or files a motion on the basis of a child-parent relationship under ORS 109.119.

"(2) The rights of the parties include, but are not limited to:

"(a) The right to notice of the proceeding and copies of the pleadings;

"(b) The right to appear with counsel and to have counsel appointed if otherwise provided by law;

"(c) The right to call witnesses, cross-examine witnesses and participate in hearings;

"(d) The right to appeal;

"(e) The right to request a hearing; and

"(f) The right to notice of any proceeding before the Psychiatric Security Review Board."

to the case in the tribunal from which the appeal was taken but who was not designated in the notice of appeal as a party to the appeal may appear as of right as a party to the appeal by filing a notice of intent to participate as a party.").

In concluding that father in this case was required to timely serve his notices of appeal only on ODHS, which he had designated as the adverse party on appeal, the Appellate Commissioner relied on ORS 19.270(2)(a), which provides that timely "[s]ervice of the notice of appeal on all parties identified as adverse parties" is "jurisdictional and may not be waived." The Appellate Commissioner reasoned that because father's notices of appeal designated only ODHS as adverse, father was not required to serve the other parties to the proceeding for this court to obtain jurisdiction under ORS 19.270. We conclude otherwise, however, because we are not persuaded that the legislature intended for that provision to apply to appeals from juvenile court judgments in dependency cases.

As an initial matter, we note that in setting the service requirement in ORS 419A.200, the legislature neither included exceptions from the requirement that all parties be served nor cross-referenced ORS 19.270. That is significant because the legislature knows how to expressly cross-reference specific provisions of ORS chapter 19, but ORS 419A.200 includes no reference to ORS 19.270. *See, e.g.*, ORS 419A.200(5)(c) (providing that a motion for late appeal "may be filed by mail and is deemed filed on the date of mailing if the request is mailed *as provided in ORS 19.260* (Emphasis added.)); ORS 419A.200(10)(a) ("The court from which an appeal is taken shall prepare and transmit a record on appeal *in the manner provided in ORS 19.365* (Emphasis added.)); *see also* ORS 138.015 ("The provisions of ORS 19.250, 19.260, 19.270, 19.365, 19.370, 19.380, 19.385, 19.390, 19.395, 19.435, 19.450 and 19.510 and, if the defendant is the appellant, the provisions of ORS 19.420(3) shall apply to appeals to the Supreme Court and the Court of Appeals" in criminal cases.).

It is true that ORS 419A.200(6) provides that "[a]n appeal to the Court of Appeals must be conducted in the same manner as an appeal under ORS chapter 19." But

the requirement that we conduct a properly filed juvenile appeal in the same manner as a civil appeal under chapter 19 does not plainly speak to what requirements must be satisfied to take an appeal in the first place. By contrast, ORS 419A.200(3) speaks directly to how an "appeal may be taken," requiring by its plain terms timely service on all parties to the proceeding. And the legislative history of ORS 419A.200(6) indicates that that provision was included to "clarify that juvenile case appeals are conducted in the same manner as civil cases *generally.*"[6] Audio Recording, Senate Committee on Judiciary, HB 2336, May 10, 2001, at 00:01:05 (statement of Jan Shea, Assistant Appellate Legal Counsel to the Supreme Court and Court of Appeals), https:// records.sos.state.or.us/ORSOSWebDrawer/Record/4160639/ File/document (accessed Aug 12, 2025) (emphasis added). That history does not indicate any intention to allow juvenile appeals to proceed absent timely service of the notice of appeal on all parties.[7]

Beyond that, the scheme created by ORS 19.270(2)(a) allowing for service of the notice of appeal only on parties that the appellant designates as adverse is not readily compatible with the unique nature of juvenile proceedings and the interests at stake in them. As we previously have explained, the scheme was adopted to streamline the appellate process in general civil litigation in cases in which some parties had been dismissed early on. Specifically, the legislature adopted the text now found in ORS 19.270(2)(a) "'in order to end the practice of dismissing timely appeals because of a failure to serve parties who had been dismissed earlier in an action and *who had no active interest in the litigation*.'" *Follansbee v. Ooi*, 335 Or App 305, 314-15, 558 P3d 422 (2024), *rev den*, 373, Or 280 (2025) (quoting *Riddle v. Eugene Lodge No. 357*, 95 Or App 206, 210-11, 768 P2d 917

---

[6] The corresponding provision prior to the 2001 amendments to ORS 419A.200 required that "[a]n appeal to the Court of Appeals shall be conducted in the same manner as an appeal in an equity suit and shall be advanced on the court's docket in the same manner as appeals in criminal cases." ORS 419A.200(5) (1999), *amended by* Or Laws 2001, ch 480, § 3 (HB 2336).

[7] Although we have cited ORS 19.270 for the proposition that timely filing a notice of appeal is jurisdictional, *State ex rel. Juv. Dept. v. M. U.*, 229 Or App 35, 38, 210 P3d 254 (2009), we have never considered whether and to what extent the legislature intended that statute to apply to appeals in juvenile cases.

(1989)) (emphasis added); *see also Jacobson v. Mt. Park Home Owners Assn.*, 65 Or App 269, 670 P2d 633 (1983), *rev den*, 296 Or 253 (1984) (dismissing appeal because ORS chapter 19's provisions made timely service on all parties who had appeared in the proceeding jurisdictional and the appellant had failed to serve the notice of appeal on a party who had appeared in the trial court only to stipulate to an order dismissing him from the case).

The purpose of ORS 19.270(2)(a) is inapposite in juvenile dependency cases, in which necessary parties are defined by statute, the interests are ongoing, and addressing those interests in a coherent way that comports with a child's best interest necessarily requires that all necessary parties have the opportunity to participate in each stage of the case. Conversely, construing ORS 19.270(2)(a) to apply to juvenile proceedings and to require service only on parties the appellant designates as adverse would frustrate the legislature's intent underlying ORS 419B.875 because it would potentially allow for appeals to proceed without notice to and the opportunity to participate for all the parties that the legislature has deemed necessary participants in juvenile court proceedings. *See, e.g.*, *Follansbee*, 335 Or App at 307, 315-19 (dismissing portion of appeal concerning judgment in favor of a defendant who was not timely served); *Jeffries v. Mills*, 165 Or App 103, 112-13, 995 P2d 1180 (2000) (dismissing portion of appeal in favor of defendant who, although timely served, was not designated as adverse in the notice of appeal).

Finally, we note that applying ORS 19.270(2)(a) to juvenile appeals would result in us recreating a loophole that the legislature closed. In *State ex rel Juv. Dept. v. Navarette*, 29 Or App 121, 126, 563 P2d 1221 (1977), a termination of parental rights proceeding, we denied the children's motion to dismiss the appeal for lack of jurisdiction where the parent had failed to serve the children with the notice of appeal. We reasoned that no statute in the juvenile code at the time made children parties to termination proceedings and concluded that they were not entitled to service of the notice of appeal. *Id.* at 123-24. The legislature subsequently revised the juvenile code substantially, making clear that

children—and others—are parties to juvenile proceedings who are entitled to service of notices of appeal, among other things. Holding that ORS 19.270(2)(a) permits an appellant to select what parties the appellant deems adverse and then serve only those parties would risk reinstating the juvenile code of the past, rather than effectuating that of the present.

In summary, we conclude that, under ORS 419A.200, appellate jurisdiction from a judgment in a juvenile dependency case requires timely filing and service of the notice of appeal on *all* parties under ORS 419B.875(1) who have appeared in the proceeding.

In this case, father timely filed notices of appeal from the jurisdiction, disposition, and permanency judgments concerning his children. However, he did not serve his notices of appeal from the jurisdiction and disposition judgments on AG's mother or her attorney or on any of the children or their attorney within 30 days from the entry of those judgments. *See* ORS 19.500 (providing that service shall be effectuated in the manner provided in ORCP 9, which in turn provides that represented parties must generally be served through their attorneys). Perhaps more significantly, he has *never* served his notices of appeal on the CASAs appointed for AG, IA, and IJ, who appeared at the jurisdiction trial and at other pretrial hearings. Father's failure to timely serve AG's mother or any of the children and failure to serve the CASAs at all deprives us of appellate jurisdiction, and we must dismiss his appeals from the jurisdiction and disposition judgments. Although ORS 419A.200(5) allows for a late notice of appeal upon a motion demonstrating a colorable claim of error in the proceeding and that the failure to timely file and serve the notice of appeal was not the party's fault, father has not filed such a motion or otherwise made such a showing.

Father's appeals from the permanency judgments concerning AG, IA, and IJ suffer from the same jurisdictional defect as his appeals from the jurisdiction and disposition judgments concerning those three children: father's failure to timely serve the notices of appeal from the permanency judgments on the CASAs appointed for the children, both of whom appeared at the permanency hearing.

We, therefore, also lack jurisdiction to hear father's appeals from the permanency judgments concerning AG, IA, and IJ and must also dismiss these appeals.

Finally, we turn to father's December 2024 "petitions for judicial review," which also suffer from several problems related to their filing and service. First, a petition for judicial review is the mechanism provided for an individual seeking review of an administrative agency order rather than a judgment of a court. *See* ORS 183.480 (providing that "any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form"). Even construing father's petitions for judicial review as notices of appeal, the orders he challenges are not appealable under ORS 419A.205(1), as they are not "final orders."[8] And, as with his other appeals, he has never served his petitions on the CASAs appointed for the children. We therefore also lack appellate jurisdiction as to those appeals and therefore dismiss them as well.

During the course of these appeals, father has filed numerous motions and other filings. Because we have concluded that we lack jurisdiction over these matters, to the extent that motions and other requests for relief remain pending, they are denied for the reason that we lack jurisdiction.

Appeals dismissed.

---

[8] ORS 419A.205(1) provides:

"For the purpose of being appealed, the following are judgments:

"(a) A judgment finding a child or youth to be within the jurisdiction of the court;

"(b) A judgment disposing of a petition including, but not limited to, a disposition under ORS 419B.325 or 419C.411;

"(c) Any final disposition of a petition; and

"(d) A final order adversely affecting the rights or duties of a party and made in a proceeding after judgment including, but not limited to, a final order under ORS 419B.449 or 419B.476."